IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANA VAREZ BENEGAS and<br>YAWAN KAYALI FERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>MONICA BYRAM,<br><br>Defendant. | § § § § § § § § § § § § | 1:18-CV-893-RP |

## ORDER

Before the Court is Plaintiffs Ana Verez Benegas and Yawan Kayali Fernandez's (collectively, "Plaintiffs") Motion for Default Judgment. (Dkt. 5). Having considered Plaintiffs' motion, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Plaintiffs allege the following facts in their complaint. (Dkt. 1). In 2013, Defendant Monica Byram ("Defendant") and Blake Byram (collectively, "the Byrams") contacted Plaintiffs seeking their investment in the construction and sale of private aircraft hangers at Austin Bergstrom International Airport. (*Id.* ¶ 8). Relying on the Byrams' representations, Plaintiffs each wire-transferred approximately $500,000 to the Byrams. (*Id.* ¶¶ 8–10). Plaintiffs and Defendant subsequently became the three members of Jet Star Real Estate Holdings, LLC ("the Company") pursuant to an agreement they each signed (the "Company Agreement"). (*Id.* ¶ 11). Plaintiffs were members of the company in name only, however, as Defendant handled the company's day-to-day affairs and was listed as its sole manager. (*Id.* ¶ 12).

The private aircraft hangers were never built. (*Id.* ¶ 13). For years, Plaintiffs attempted to determine what became of their investment, and they eventually requested that Defendant return their funds to them. (*Id.* ¶ 14). Defendant did not do so and instead assured Plaintiffs that the

1

venture was moving forward. (*Id.* ¶¶ 14–15). After further delay, Plaintiffs sent the Byrams a formal demand letter on June 12, 2017, demanding repayment of their approximately $1 million investment. (*Id.* ¶ 16). It became clear to Plaintiffs, however, that the Byrams would not return the investment money absent legal action, and so Plaintiffs brought an arbitration action against Defendant. (*Id.* ¶ 17).

On August 16, 2018, the arbitrator issued a final arbitration award. (*Id.* ¶ 22). The arbitrator found that Defendant had "repeatedly misled [Plaintiffs] about the Company and its project" and had breached her fiduciary duties to them. (*Id.*). The final award required Defendant to pay Plaintiffs the amount of their investment, legal and administrative fees and expenses, and post-judgment interest. (*Id.*). The award also required that these payments be made within 30 days of its transmittal. (*Id.* ¶ 25). Defendant did not timely pay Plaintiffs, and they subsequently filed this action for confirmation of their arbitration award. (*Id.*).

Defendant's answer to Plaintiffs' complaint was due on January 15, 2019. (Dkt. 2). Defendant did not submit an answer. On March 5, Plaintiffs moved for an entry of default against Defendant, which the Clerk of the Court entered later that day. (Dkt. 3). On March 6, Plaintiffs moved for default judgment against Defendant. (Dkt. 5). Defendant has still not appeared in this case; Plaintiffs' motion is unopposed.

## II. DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default

2

judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Plaintiffs' motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether Plaintiffs' complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, Plaintiffs should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Every *Lindsey* factors weighs in favor of entering a default judgment against Defendant. Because Defendant has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Defendant's failure to appear and respond has ground the adversary process to a halt, prejudicing Plaintiffs' interest in pursuing their claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (citation and quotation marks omitted). The grounds for default are established: Defendant was properly served and has failed to appear and participate at all, much less timely file a responsive

3

pleading. There is no indication that the default was caused by a good faith mistake or excusable neglect, and the harshness of a default judgment in this case is mitigated by Defendant's failure to respond to Plaintiffs' complaint or otherwise appear. Finally, the Court is not aware of any facts that would obligate it to set aside the default if challenged by Defendant. The Court therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Plaintiffs' Complaint

Default judgment is proper only if the well-pleaded factual allegations in Plaintiffs' complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiffs seek confirmation of their arbitration award against Defendant. Title 9 U.S.C § 9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may

4

> be made to the United States court in and for the district in which such award was made.

Plaintiffs have alleged and submitted documentation showing that the Company Agreement provides that the "place of arbitration shall be Austin, Texas and the award shall be issued at the place of arbitration." (Compl., Dkt. 1, ¶ 28; Company Agreement, Dkt. 1-2, at 23). Plaintiffs have brought this action within the appropriate time limit specified by statute, and the Court finds no reason to vacate or modify the final arbitration award. *See* 9 U.S.C §§ 9, 207. The Court therefore finds that Plaintiffs have sufficiently pleaded facts raising their right to relief above the speculative level. *Wooten*, 788 F.3d at 498. Accordingly, default judgment is substantively warranted.

### C. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

Plaintiffs seek liquidated damages in the amount provided for in the final arbitration award. (Compl., Dkt. 1, at 8–9; Mot. Default. J., Dkt. 5, at 2). The final award provides for damages in the

5

amount of $1,292,675.83 plus post-judgment interest at the rate of 5% interest per annum since the date of the award until full satisfaction of all amounts due. (Final Award, Dkt. 1-1, at 9–10). The damages sought are a sum certain the Court can determine from the pleadings alone and does not differ in kind from or exceed the amount requested in Plaintiffs' complaint. As of the date of this order, the interest amount owed is $54,540.29. Accordingly, the Court finds that Plaintiffs are entitled to an award of $1,347,216.12.[1]

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Plaintiffs' Motion for Default Judgment, (Dkt. 5), is **GRANTED**. The Court will enter final judgment in a separate order.

**SIGNED** on June 20, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs also request an award of attorney' fees and costs in connection with the instant action but have provided no argument that they are entitled to such an award, specified an amount to be awarded, or submitted any evidence demonstrating an appropriate amount. The Court will therefore not consider an award for fees and costs at this time.